Filed 3/17/21  P. v. Alexander CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENDOL J. ALEXANDER,<br><br>    Defendant and Appellant. | D077661<br><br><br>(Super. Ct. No. SCS299726) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Kendol J. Alexander pleaded guilty to resisting or obstructing an executive officer (Pen. Code,[1] § 69) and admitted a strike prior (§ 667, subds. (b)-(i)) as part of a plea agreement.  Under that agreement the parties stipulated to a 32-month sentence (one-third the lower term, doubled due to

---

[1]    All further statutory references are to the Penal Code.

the strike prior). The remaining charges and allegations were dismissed. Alexander was sentenced to a 32-month term as stipulated by the parties.

Several months prior to the guilty plea, the court suspended criminal proceedings under section 1368. Alexander was given a mental examination. Alexander was later found competent to stand trial.

Also, before the guilty plea, Alexander made a motion to replace appointed counsel. (*People v. Marsden* (1970) 2 Cal.3d 118.) The court conducted a hearing and denied the motion.

Following his sentencing, Alexander filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issue for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Alexander the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The factual basis for the guilty plea was stated in the change of plea form: "willfully and unlawfully resisted an executive officer with force. The executive officer was lawfully performing his duties."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court erred in determining Alexander was competent to stand trial; and

2

2.  Whether Alexander's plea was free and voluntary.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Alexander on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



DO, J.

3